**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Brandon Dale Lowery, | Case No. 2:24-cv-00757-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Apple, | |
| Defendant. | |

Pro se Plaintiff Brandon Lowery filed a complaint against Apple based on his contention that Pegasus spyware was installed in several of his phones. ECF No. 1-2. He also filed a duplicate complaint which he entitled "amended complaint." ECF No. 1-3.

He also filed an application to proceed *in forma pauperis* ("IFP application"). ECF No. 3. His IFP application and complaint are now before the Court for review under 28 U.S.C. § 1915. Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the Court will grant Plaintiff's IFP application (ECF No. 3). Next, the Court screens his complaint as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

    **A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening the complaint**

Plaintiff alleges that he has had several Apple iPhones since 2016. He alleges he has confirmed that Pegasus spyware software had been installed on his phones. He contacted Apple and, ever since then, has received calls from individuals impersonating Apple representatives. These individuals, according to Plaintiff, harassed, threatened, and physically assaulted him. In turn, he alleges several claims against Apple. While Plaintiff alleges there is federal jurisdiction for some of his claims, there appears to also be diversity jurisdiction.[1]

**1.   Violation of Federal Privacy Laws**:

Plaintiff alleges violations of over twenty statutes related to interference with his phone. These include 18 U.S.C. §§ 1030, 2701-2712, 2510-2522. But his factual allegations are scant. As a result, he has not properly pled violations of each of these statutes. In addition, it is not clear why he believes all those statutes have been violated (as opposed to a select few). Instead, it

---

[1] Plaintiff alleges he is a citizen of Nevada and that Apple if a California corporation with its principal place of business in California. 28 U.S.C. § 1332(c)(1).

appears that Plaintiff decided to assert a broad range of violations without looking at the specific of each. For example, 18 U.S.C. § 2711 contains only definitions, and does not establish a cause of action. Similarly, 18 U.S.C. § 2712 would not appear to apply here as the Defendant is not the United States. Moreover, 18 U.S.C. § 1030 is a criminal provision and Plaintiff does not have a private right of action. Thus, the Court will dismiss these claims with leave to amend. Should Plaintiff choose to amend he must be very specific as to what facts support the violation of each of the statutes that will be the basis for his claims.

### 2. Negligence

In Nevada, "[i]t is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal–Mart Stores, Inc.*, 125 Nev. 818, 824 (2009). Plaintiff has sufficiently alleged a negligence claim for purposes of screening. As a result, this claim can proceed against Apple.

### 3. Intentional Infliction of Emotional Distress

To prevail on a claim for intentional infliction of emotional distress in Nevada, a plaintiff must establish (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) that plaintiff suffered severe or extreme emotional distress; and (3) actual or proximate causation. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Plaintiff has sufficiently alleged this claim for purposes of screening. As a result, this claim can proceed against Apple.

### 4. Stalking, Assault and Battery, Civil Conspiracy, Coercion

It is not clear whether Plaintiff intends to proceed with these claims. His complaint states the following phrase next to each of them: "to be confirmed by Nevada law." Currently, there do not appear to be facts to support these claims. Moreover, it is not clear why Apple would be responsible for these claims given he alleges that it was others, impersonating Apple, who were responsible for these actions. As a result, the Court will dismiss these claims with leave to amend.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

**IT IS FURTHER ORDERED** that the Clerk of Court must file Plaintiff's amended complaint (ECF No. 1-3).

**IT IS FURTHER ORDERED** that Plaintiff's claim for negligence and intentional infliction of emotional distress survives screening.

**IT IS FURTHER ORDERED** that the Clerk of Court issue a summons for Defendant Apple.

**IT IS FURTHER ORDERED** that the following claims are dismissed without prejudice:
- 18 U.S.C. §§ 1030, 2701-2712, 2510-2522
- Stalking, Assault and Battery, Civil Conspiracy, Coercion

**IT IS FURTHER ORDERED** If Plaintiff chooses to amend his complaint, he must do so by October 5, 2024.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to do the following:
- Send Plaintiff:
    - a copy of this order; and
    - one copy of the Form USM-285.
- Send the United States Marshals Service ("USMS"):
    - a copy of Plaintiff's complaint (ECF No. 1-3);
    - the summonses for Apple
    - a copy of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall complete Form USM-285 with Apple's last known address. Plaintiff will have until October 5, 2024, to send his completed Form USM-285 to the USMS.

1 **IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the Forms USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

DATED: September 5, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE