UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Brandon Dale Lowery, | Case No. 2:24-cv-00757-CDS-EJY |
| Plaintiff | **Order Denying Plaintiff's Motions and Denying Defendant's Motion to Extend as Moot** |
| v. | |
| Apple, Inc., | [ECF Nos. 9, 10, 11, 12, 15] |
| Defendant | |

This is a civil action brought under federal question jurisdiction by pro se plaintiff Bandon Dale Lowery against defendant Apple, Inc. *See* Am. Compl., ECF No. 7. In September of this year, Lowery filed four motions: three for protective orders and one for "emergency temporary relief." ECF Nos. 9–12. Apple responded to each of those motions. ECF Nos. 16, 22–24. Also, on October 7, 2024, Apple filed a motion to extend time to file an answer or other responsive pleading to the complaint. ECF No. 15. Lowery had until October 21, 2024, to file an opposition to that motion but did not file one. For the reasons set forth herein, each of Lowery's motions are denied. I also deny Apple's motion to extend as moot.

I.   **Discussion**

Lowery filed three motions for a protective order (ECF Nos. 9, 11, 12) and one motion for relief, which he titled as an "emergency" (ECF No. 10). Apple filed a notice of non-opposition to the first filed motion for a protective order docketed at ECF No. 9. Notice, ECF No. 16. A review of that motion reveals Lowrey requests that this court enter an order restraining U.S. District Judge Richard Boulware and other defendants from certain activities, including but not limited to contacting Lowrey and from possessing firearms, and cites to a criminal statute as the basis for jurisdiction. ECF No. 9 at 1 (citing 18 U.S.C. § 2261 and NRS 33.020). Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by

statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Title 18 of the United States Code is the federal criminal code. *See* 18 U.S.C. § 1 et seq. ("Crimes and Criminal Procedure"). Federal criminal statutes "generally do not give rise to private rights of action." *Robertson v. Cath. Cmty. Servs. of W. Wash.*, 2023 WL 3597383, at *1 (9th Cir. May 23, 2023) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)). Courts may not "infer a private right of action from 'a bare criminal statute.'" *Cent. Bank of Denver*, 511 U.S. at 190. There is no private right of action under 18 U.S.C. § 2261. *Jacobus v. Huerta*, 2013 WL 1723631, at *10 (S.D.W. Va. Apr. 22, 2013). To obtain relief under NRS 33.020, Lowery would need to apply for a protective order through a state of Nevada court, not this court as this is a court of limited jurisdiction. Consequently, Lowery's motion for a protective order (ECF No. 9) is denied.[1]

Lowery filed another motion for a protective order, making similar demands albeit against different defendants, again citing 18 U.S.C. § 2261 and NRS 33.020. Because the court cannot grant relief based on the statutes cited in that motion, Lowery's motion for a protective order docketed at ECF No. 12 is denied.

Lowery's "emergency" motion for temporary relief filed at ECF No. 10 is also denied. As threshold matter, the "emergency" motion does not cite any basis for this court to provide the relief Lowery seeks.[2] "An application to the court for an order shall by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b). And the local

---

[1] Because the motion for protective order docketed at ECF No. 11 is duplicative of ECF No. 9, it is denied for the same reasons.

[2] The process for filing emergency motions is set forth in the local rules of this district. *See* LR 7-4. The emergency motion must be accompanied by a declaration setting forth the nature of the emergency, the contact information of the movant and all affected parties, and a certification that, participation in the meet-and confer process to resolve the dispute, the movant has been unable to resolve the matter without court action. *Id.* This requirement carries with it several facets, which are outlined in LR 7-4. Having reviewed the motion, I find that Lowery did not follow the local rules in filing the motions, and further, I find that neither constitutes an emergency. Lowery is hereby ordered to review the Local Rules for the District of Nevada. They are available online at: https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. To the extent Lowery needs a hard copy, he should visit the Clerk's Office for additional information on how to obtain a copy of them.

rules provide 'the failure of a moving party to file points and authorities in support of the motion...constitutes a consent to the denial of the motion." Local Rule 7-2(d); *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curium) ("Failure to follow a district court's local rules is a proper ground for dismissal."). While the court is empathetic to his purported housing struggles, that is not a basis to grant Lowery's motion. Lowery is hereby advised that the local rules of this district provide the court with the sole discretion to determine whether an "emergency" motion is, in fact, an emergency. LR 7-4(c). Emergency motions are disfavored and "should be rare" because of the "numerous problems they create for the opposing party and the court in resolving them." LR 7-4(b); *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citation omitted).

Lowery is hereby advised that pro se litigants must be familiar with and follow the rules of the court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good-faith limitations imposed on lawyers, as officers of the court); *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). Lowery is also cautioned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the orders of this court may result in future filings being denied or stricken. *Carter*, 784 F.2d at 1008-09 (collecting cases) (explaining that a pro se litigant is "expected to abide by the rules of the court in which he litigates"); *Ghazali*, 46 F.3d at 54 (reiterating that although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming district court's dismissal of a pro se plaintiff's complaint for failing to comply with a court order).

Finally, on October 7, 2024, defendant Apple Inc. filed a motion to extend time to respond to Lowery's amended complaint. ECF No. 15. On October 16, 2024, Apple filed a motion to dismiss the amended complaint so their motion to extend is denied as moot.

II. Conclusion

IT IS HEREBY ORDERED that Lowery's motions for a protective order [ECF Nos. 9, 11, and 12] are DENIED.

IT IS FURTHER ORDERED that Lowery's "emergency" motion [ECF No. 10] is DENIED.

IT IS FURTHER ORDERED that Apple's motion to extend time [ECF No. 15] is DENIED as moot.

Dated: October 23, 2024

_____
Cristina D. Silva
United States District Judge