UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Brandon Dale Lowery, <br><br> Plaintiff <br><br> v. <br><br> Apple, Inc., <br><br> Defendant | Case No. 2:24-cv-00757-CDS-EJY <br><br> **Order Granting Motion to Dismiss, Denying as Moot Motion to Change Venue, and Closing Case** <br><br> [ECF Nos. 21, 32] |

      This is a civil action brought under alleged federal question jurisdiction by pro se plaintiff Brandon Dale Lowery against defendant Apple, Inc. Am. comp., ECF No. 7. Apple moves to dismiss the complaint, arguing that even accepting the allegations in Lowery's amended complaint as true, the claims for relief fail because Apple is not a state actor, and the complaint fails to plausibly state any claims for relief under state law. Mot. to dismiss, ECF No. 21. Lowery filed an opposition to the motion. Opp'n, ECF No. 20. The motion is now fully briefed. *See* Reply, ECF No. 30. For the reasons set forth herein, I grant Apple's motion to dismiss with prejudice, and as a result, deny as moot Lowrey's motion to change or transfer venue (ECF No. 32), and direct the Clerk of Court to close this case.

**I.  Legal standard**

      Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must make sufficient factual allegations to establish a

plausible entitlement to relief. *Id.* at 556. And if I grant a motion to dismiss, I should grant leave to amend even if no request to amend is made unless I determine that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

When a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se complaint, the court may not, however, supply essential elements of a claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992). A court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi*, 839 F.2d at 623 (citation and internal quotation omitted).

## II. Discussion

The amended complaint states that Lowery is bringing this action pursuant to Title 42, United States Code, Section 1983 and Title 18, United States Code, Section 2332b.[1] ECF No. 7 at 1. In the body of the amended complaint however, the "statement of claim" identifies several other claims including alleged violations of Lowery's rights under the First, Fourth, Fifth, and Fourteenth Amendment, and negligence, intentional infliction of emotional distress, "corporate malfeasance," "judicial interference," and physical and psychological harm. *Id.* at 2. Apple moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 21. The court addresses each claim in turn.

---

[1] These two statutes are cited under the "jurisdiction" header in the amended complaint. ECF No. 7 at 1. However, it also states "etc." in the same section. *Id.* A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Because no other statute was identified in this section, the court disregards the "etc." as that would not give fair notice to the defendant of the allegations against it.

### A. The claim under 42 U.S.C. § 1983 fails.

To state a claim under § 1983, a plaintiff must plead both "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). A defendant acts "under color of state law" where he, she, or it "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal citation and quotation marks omitted); *see also Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) ("Action taken by a private individual may be under color of state law where there is significant state involvement in the action." (quotation marks omitted)). Private parties "may be considered to have acted under color of state law when [they] engage[] in a conspiracy or acts in concert with state agents to deprive one's constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983).

Lowery fails to plausibly allege a § 1983 violation against Apple, a private corporate entity, because he fails to demonstrate how Apple is a state actor or was exercising power under the authority of state law. Rather, Lowery merely alleges that Apple, "through its agents and employees" acted in ways that violated his constitutional rights. ECF No. 7 at 1. But "[t]he mere allegation that a private party was acting under color of state law does not make it so." *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991); *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (9th Cir. 2011) (setting forth criteria for when a private party is a state actor). Lowery's opposition to the motion to dismiss does not provide any additional detail or argument for the court's consideration. In fact, Lowery failed to respond to Apple's argument that it is not a state actor.[2] *See* ECF No. 28. Thus, even liberally construing the pleadings, the § 1983 claim fails, so it is dismissed.

---

[2] This District's local rules state that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d). The court could grant Apple's

   **B. 18 U.S.C. § 2332b does not carry a private right of action so it is dismissed.**

  Although not included under the "statement of claims" section of the amended complaint, Lowery cites 18 U.S.C. § 2332b as giving this court jurisdiction over this action. ECF No. 7 at 1. Liberally construing the pleading, I find that Lowery alleges that Apple violated § 2332b of Title 18. But the Ninth Circuit has long held that federal criminal statutes do not carry a private right of action. *See Dyson v. Utigard*, 163 F.3d 607 (9th Cir. 1998) (criminal offenses under Title 18 of the U.S. Code do not create a private right of action); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability") (citations omitted). Although there are some exceptions to this rule, 18 U.S.C. § 2332b does not fall within one of them. *See Calhoun v. Mann*, 2009 U.S. Dist. LEXIS 24508, at *4 (E.D. Pa. Mar. 25, 2009) (finding 18 U.S.C. §§ 1201, 2332b, and 2331 do not provide a private cause of action). And Lowery, who is not a federal prosecutor, fails to cite any points and authorities to support his ability to bring a claim under this section. *See Jones v. Harris*, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009) ("Only a prosecutor can file criminal charges against a citizen[.]"). Consequently, any claim under this statute fails and is dismissed.

   **C. The negligence claim fails.**

  To plead a negligence claim in Nevada requires plausibly alleging "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (en banc). The existence of a duty is a question of law for the court to resolve. *See Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007) (en banc). In the amended complaint, Lowery alleges "Defendant owed Plaintiff a duty of care to protect his personal information and to ensure that its agents and employees did not engage in harmful or illegal activities. Defendant breached this duty by failing to adequately safeguard Plaintiff's data and by allowing its agents and employees to engage in the

---

motion to dismiss based on Lowery's failure to cite points and authorities alone. However, given Lowery's pro se status, the court addresses Apple's motion.

aforementioned misconduct." ECF No. 7 at 2. Even assuming Apple did have a duty to protect Lowery's personal information, there are no allegations to show or explain how that duty was breached, nor what harmful or illegal activities or misconduct Apple engaged in that would entitle Lowery to relief. Stated otherwise, the amended complaint fails to state a plausible negligence claim, so it is dismissed.

### D. The intentional infliction of emotional distress (IIED) claim fails.

The elements of an intentional infliction of emotional distress claim are: (1) "extreme and outrageous conduct with either the intention of, or disregard for, causing emotional distress; (2) the plaintiff . . . suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (quotations omitted). "Extreme and outrageous conduct is that which is 'outside all possible bounds of decency' and regarded as 'utterly intolerable' in a civilized society." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quotations omitted). "General physical or emotional discomfort is insufficient to demonstrate severe emotional distress—a plaintiff must allege such 'serious emotional distress' that it 'results in physical symptoms.'" *Evans v. Hawes*, 718 F. Supp. 3d 1351, 1373 (D. Nev. 2024) (quoting *Chowdhry v. NLVH Inc.*, 851 P.2d 459 (1993)).

Lowery has failed to plausibly allege an IIED claim. The only allegations in the amended complaint are as follows: "Defendant's agents and employees have engaged in extreme and outrageous conduct that has caused Plaintiff to suffer severe emotional distress. This conduct includes stalking, harassment, threats, and other forms of intimidation." ECF No. 7 at 2. But simply stating the key terms of the elements of a claim is not sufficient to allege a claim of intentional infliction of emotional distress. *See Iqbal*, 556 U.S. at 678 (The Court is not required to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."). The amended complaint is devoid of any specific allegations identifying how Apple's conduct was extreme or outrageous, nor does it explain how that conduct led to severe or extreme distress. Without more, this claim cannot survive, so it is

dismissed. *See Evans*, 718 F. Supp. 3d at 1374 ("[A] plaintiff must describe this element in more detail than just vaguely repeating that she suffered emotional distress" (citing *Chowdhry*, 851 P.2d at 462)).

### E. The remaining claims are non-cognizable and therefore fail.

The last three claims for relief are corporate malfeasance, judicial interference, and physical and psychological harm. Lowery does not cite to any statute alleging violations that give rise to these claims, nor does he provide any analysis to explain how these claims could be maintained based on the limited allegations in the amended complaint. As a general matter, a plaintiff need not include citations to specific statutes in their complaint to state a claim on which relief can be granted. *See, e.g.*, *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice pleading requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories. . . . A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss.") (citations omitted). But the complaint must still comply with Federal Rule of Civil Procedure 8's pleading requirements to not only place the defendant on notice of what allegations they are facing, but also to allow this court to determine if it has subject matter jurisdiction over the action.

The amended complaint here does neither. Even liberally construing the pleading, Lowery's amended complaint simply does not provide any factual support demonstrating any alleged injury that could give rise to a cognizable federal claim. *See Iqbal*, 556 U.S. at 678 (stating that Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."). And based on the scant allegations contained in the amended complaint, it is unclear if this court even has jurisdiction over this action. *See Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit."). Lowery's opposition to the motion to dismiss does not address the pleading deficiencies. Instead, it makes conclusory claims that

6

"Apple's actions demonstrate a clear disregard for corporate governance and fiduciary duties" and that Lowery's allegations "are supported by concrete evidence and sworn testimony."[3] ECF No. 28 at 1. Consequently, these claims fail, so I grant Apple's motion to dismiss.

### F. Leave to amend is denied.

As already noted, the Ninth Circuit has long instructed that, where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). However, a court does not abuse its discretion when it denies leave to amend when it would be futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile.").

I find that permitting Lowery to amend the complaint a second time would be futile. Lowery did not heed the cautions about his pleading deficiencies identified by the magistrate judge, *see* Order, ECF No. 4, and Lowery's opposition to the motion to dismiss does not identify any plausible allegations that he would use to cure those deficiencies. Consequently, I deny Lowery leave to amend the complaint and dismiss it with prejudice. Because I am dismissing this action with prejudice, Lowery's motion to change or transfer venue is denied as moot.

---

[3] The court notes that Lowery's opposition also claims that he has attached sworn affidavits from witnesses who can corroborate his experiences. ECF No. 28 at 1. First, no affidavits were attached to his response. Second, even if they were, the court could not consider them without converting this motion into one for summary judgment. *See Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 998 (9th Cir. 2018). There are exceptions to the conversion rule, including that the court can consider matters of public record or materials properly submitted as part of the complaint for judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Based on Lowery's representations that he has sworn affidavits to support his claims, it would not be appropriate to take judicial notice of them because they would not be public records, nor were they included as part of the amended complaint. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (holding that a court may properly take judicial notice of: (1) material which is included as part of the complaint or relied upon by the complaint; and (2) matters in the public record.).

### III. Conclusion

IT IS HEREBY ORDERED that defendant's motion to dismiss the amended complaint [ECF No. 21] is GRANTED.

IT IS FURTHER ORDERED that Lowery's motion to change or transfer venue [ECF No. 32] is DENIED as moot.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: February 10, 2025

_____
Cristina D. Silva
United States District Judge